UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHILIP MONTALBANO and KATHRYN MONTALBANO,
        *Plaintiffs*,

— against —

WAL-MART ASSOCIATES, INC.,
        *Defendant*.

No. 19-CV-6584 (ARR) (RER)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

Defendant, Wal-Mart Stores East, LP[1] ("Wal-Mart"), moves for summary judgment. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

On or about May 31, 2019, plaintiffs Philip and Kathryn Montalbano were shopping at a store located at 750 Middle Country Road, Middle Island, New York. Compl. ¶¶ 2, 9, ECF No. 16-1. The store was owned and operated by defendant, Wal-Mart. *Id*. ¶¶ 3–8. While shopping, Mr. Montalbano tripped and fell over a display pallet and was seriously injured. *Id.* ¶¶ 9–10, 12. Mr. Montalbano alleges that defendant's negligence was the proximate cause of his injuries. *Id.* ¶ 11. Mr. Montalbano's wife and co-plaintiff, Mrs. Montalbano, alleges damages from the loss of services, companionship, and society of her husband as well as the cost of his medical bills. *Id.* ¶ 16.

---

[1] Defendant asserts that plaintiffs have incorrectly sued defendant as Wal-Mart Associates, Inc., and that the correct name is Wal-Mart Stores East, LP. Notice of Mot. Summ. J. 1, ECF No. 15.

The merchandise display that Mr. Montalbano tripped over was of the type known as a "stack base." Pls.' Statement of Facts 1 ("Pls.' Statement"), ECF No. 20. The stack base was partially filled on one end with 57-inch-tall tiki torches, while the other end was empty. *Id*. Wal-Mart employees are trained to fill the outer edges of stack base displays with merchandise so as to avoid creating a tripping hazard. *Id.* at 6–20. The employees who testified in this case concurred that the stack base in question did not comply with Wal-Mart's safety training because the stack base was only partially filled with merchandise, leaving an empty portion at the perimeter. *Id.*

The exposed portion of the stack base was black, in contrast to the white floor. Def.'s Statement of Facts 1 ("Def.'s Statement"), ECF No. 17; Def.'s Mot. Ex. E, Photographs of Stack Base ("Photographs"), ECF No. 16-5. Mr. Montalbano testified that he was walking approximately six feet behind his wife, who made a left turn around the stack base. Def.'s Statement 4. He also testified that his gaze was distracted by merchandise and signage above eye level and that while he was aware of the tall tiki torches, he did not see the base of the display when he tripped. Pls.' Statement 3–6.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed factual issues but to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quotation marks and ellipsis omitted) (quoting *Graham v.*

*Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). "There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (citation omitted).

In assessing whether summary judgment is appropriate, the court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (quoting *In re Bennett Funding Grp., Inc.*, 336 F.3d 94, 99 (2d Cir. 2003)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994). Once this burden is met, in order to avoid the entry of summary judgment, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525–26 (2d Cir. 1994)). In reviewing the record before it, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997).

## DISCUSSION

Under New York State law, in order to establish a *prima facie* case for negligence, a plaintiff must show that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of an injury sustained by the plaintiff. *See, e.g.*, *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985). A property owner must "maintain [its] premises in a reasonably safe condition" and has a "duty

to warn those lawfully on the premises of potentially dangerous conditions that are not readily observable." *Comeau v. Wray*, 659 N.Y.S.2d 347, 348 (3d Dep't 1998). However, there is no such duty to warn customers of "an open and obvious condition which as a matter of law is not inherently dangerous." *Espinoza v. Hemar Supermarket, Inc.*, 841 N.Y.S.2d 680, 680 (2d Dep't 2007); *see also Tagle v. Jakob*, 97 N.Y.2d 165, 169 (2001); *Cupo v. Karfunkel*, 1 A.D.3d 48, 52 (2d Dep't 2003). A condition is open and obvious if it is "readily observable by those employing the reasonable use of their senses." *Brown v. Melville Indus. Assocs*, 34 A.D.3d 611, 611 (2d Dep't 2006). "While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, . . . a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion." *Tagle*, 97 N.Y.2d at 169 (citations omitted).

According to defendant, the undisputed facts on record establish that the stack base was open and obvious and not inherently dangerous as a matter of law. Def.'s Mem. Supp. Mot. Summ. J. 2 ("Def.'s Mot."), ECF No. 18. First, photographs show that the black stack base contrasted starkly with the white floor. *Id.* at 7. Second, Mr. Montalbano was following his wife, who "made her way past the pallet without issue." *Id.* at 9. Third, he observed and navigated around several other stack bases successfully "by making reasonable use of his senses" before tripping over the stack base in question. *Id.* at 10. Finally, Mr. Montalbano admitted that he saw the tiki torches displayed on the stack base, which, defendant argues, counters his claim that he tripped because he was distracted by the signage and merchandise above eye level. *Id.*

In opposition, plaintiffs argue that while "the salient facts are not in dispute . . . the undisputed facts do not give rise to a conclusion of non-liability as a matter of law." Pls.' Opp'n 2, ECF No. 21. Plaintiffs raise two disputed issues: (1) whether the condition was open and

4

obvious and not inherently dangerous; and (2) even if the condition was open and obvious, whether defendant's above eye-level signage and merchandise distracted Mr. Montalbano's attention from the floor "thereby creating a foreseeable risk of harm from an otherwise readily visible condition." *Id.*; *see Michalski v. The Home Depot, Inc.*, 225 F.3d 113, 120–21 (2d Cir. 2000) (finding that defendant's displays of merchandise above eye level "would foreseeably distract the plaintiff to such an extent that she could not reasonably have been expected to observe" a condition four inches above ground level).

     I agree with plaintiffs and find that it is not at all clear from these facts that defendant's liability is negated as a matter of law. The facts do not establish whether the stack base was open and obvious and not inherently dangerous. For example, although it is undisputed that Mr. Montalbano navigated several other stack bases without issue, there is no evidence indicating that these other stack bases were similarly arranged in a hazardous way, with empty portions at the outer edges. Nor does the fact that Mr. Montalbano was aware of the tall tiki torches necessarily mean that he must have been aware of the empty stack base perimeter at his feet. Plaintiffs have raised several facts that weaken defendant's argument. First, the fact that Wal-Mart employees are trained to arrange stack bases in a particular way so as to avoid creating a tripping hazard may suggest that an improperly arranged stack base is not "readily observable by those employing the reasonable use of their senses." *Brown*, 34 A.D.3d at 611. Defendant argues that a violation of defendant's own policies and procedures is not enough to establish negligence in and of itself, Def.'s Reply 4, ECF No. 22, but this is beside the point; even if plaintiffs have not established negligence, they have still raised a dispute as to whether the stack base was in fact open, obvious, and not inherently dangerous. Second, the fact that Mr. Montalbano was looking at the store's signage and merchandise above eye level when he tripped may indicate

5

that, even if the stack base was open and obvious, his gaze was foreseeably distracted by the store's own design. *See Michalski*, 225 F.3d at 120–21. Defendant's insistence that the holding of *Glassberg v. Staples the Office Superstore East, Inc.* negates plaintiffs' reliance on *Michalski* is misleading. No. 08-CV-2132 (KAM) (JMA), 2010 WL 3924682 (E.D.N.Y. Sept. 13, 2010), report and recommendation adopted, No. 08-CV-2132, 2010 WL 3909206 (E.D.N.Y. Sept. 29, 2010). In *Glassberg*, the court found that *Michalski* is "carefully limited to its own unique circumstances," which included the defendant "shelving items above eye level" and thereby "intentionally arrang[ing] the premises in a manner likely to distract [the plaintiff's] attention away from patent dangers on the floor." *Id.* at *6. The circumstances in the present case are therefore similar to those in *Michalski*, as Wal-Mart intentionally displayed merchandise and signage above eye level.

      The other cases defendant cites in support of its argument also contain important distinctions. For example, in *Matthews v. Vlad Restoration Ltd.*, the plaintiff was looking at her cell phone when she tripped over a scaffold and did not substantiate her claim that the scaffold failed to comply with industry custom and practice. 74 A.D.3d 692, 692–93 (1st Dep't 2010). And in G*agliardi v. Walmart Stores, Inc.*, the plaintiff moved a box containing an oak dresser, dragged another box in front of it, and then caused the oak dresser box to fall on her knee when lifting the other box to place it in her cart. No. 8366/05, 2007 WL 5877109 (N.Y. Sup. Ct. Apr. 23, 2007); *see also Sherman-Schiffman v. Costco Wholesale, Inc.*, 63 A.D.3d 1031, 1032 (2d Dep't 2009) (affirming summary judgment where plaintiff "merely raised *feigned* issues of fact" in its opposition (emphasis added)). In the present case, by contrast, plaintiffs did raise and substantiate genuine issues of dispute and Mr. Montalbano did not contribute to the hazard with his own negligent behavior such as looking at a cellphone or moving heavy boxes around.

6

In its reply to plaintiffs' opposition, defendant argues that summary judgment is warranted because plaintiffs have not established that Wal-Mart "created" the hazard or had "actual or constructive notice of it." Def.'s Reply 7. Defendant states that it is unclear from the facts on the record whether the stack base was partially empty because defendant arranged it incorrectly or because other customers had recently removed some of the merchandise from the display for purchase. *Id*. Judging by the photographs, large numbers of tiki torches were grouped on the pallet in open cardboard display containers; the likelihood that customers would have removed entire display containers from the pallet for purchase as opposed to removing individual tiki torches is uncertain. Given that I am "required to resolve all ambiguities . . . in favor of the party against whom summary judgment is sought," this ambiguity does not defeat plaintiffs' opposition to defendant's motion. *McLee*, 109 F.3d at 134.

Finally, defendant argues that summary judgment must be granted because plaintiffs "failed to controvert the material facts set forth in defendant's Rule 56.1 statement." Def.'s Reply 3. For example, plaintiffs did not counter the fact that photographs show "a black stack base . . . in stark contrast with the white flooring," which leads defendant to conclude that "it must be said as a matter of law that Defendant did not breach its duty to maintain its premises in a reasonably safe condition." *Id*. While it is true that plaintiffs have not countered the photographic evidence showing the contrasting colors of the stack base and floor, this fact alone does not settle the dispute over whether defendant breached its duty to maintain its premises in a reasonably safe condition. "[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004) (citation omitted).

Ultimately, defendant has not shown that "the record taken as a whole could not lead a rational trier of fact to find for [plaintiff]." *Fabrikant*, 691 F.3d at 205. I therefore cannot grant summary judgment and defendant's motion must be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied.

SO ORDERED.

Dated: January 20, 2021
       Brooklyn, NY

_____/s/_____
Allyne R. Ross
United States District Judge